**SO ORDERED.**

**SIGNED this 02 day of November, 2007.**



_Dale L. Somers_
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

Opinion designated for on-line use and print publication

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

In Re:

PATRICIA A. FULLER,                    CASE NO. 07-20576
                                        CHAPTER 7
                DEBTOR.

COMMERCE BANK, N.A.,

                PLAINTIFF,

v.                                      ADV. NO. 07-06119

PATRICIA A. FULLER,

                DEFENDANT.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT I**

This is an action by Commerce Bank against Debtor objecting to discharge of credit card debt pursuant to 11 U.S.C. §§ 523(a)(2) and (a)(6).[1]  Plaintiff has moved for summary judgment on the § 523(a)(2) claim as to a $1,000 cash advance obtained within 70 days before Debtor filed for relief under Chapter 7.  For the reasons stated below, the Court denies the motion.

Plaintiff Commerce Bank, N.A. (hereafter Commerce) appears by Kurt S. Brack, of Holbrook & Osborn, P.A.  Defendant Patricia A. Fuller (hereafter Debtor) appears by Teresa M. Kidd.  There are no other appearances.  The Court has jurisdiction.[2]

**Positions of the Parties.**

Commerce moves for summary judgment on its contention that a $1,000 cash advance Debtor obtained under an open ended credit plan with Commerce is nondischargeable. Commerce relies upon § 523(a)(2)(C)(i)(II), under which cash advances that are extensions of consumer credit under an open end credit plan obtained by an individual debtor aggregating more than $750 taken within 70 days prior to filing are presumed nondischargeable.  Debtor responds that Commerce is not entitled to summary judgment because she has presented sufficient facts to rebut the presumption.

---

[1] This case was filed after October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 become effective.

[2] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984.  A complaint to determine dischargeability of a particular debt is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(I).  There is no objection to venue or jurisdiction over the parties.

**Findings of Fact.**

The following facts are uncontroverted. On August 29, 1996, Debtor opened an open end credit plan with Commerce. On November 6, 2006, Debtor made a payment to Commerce of $5,000. Ninety days prior to filing, on December 20, 2006, the account had a balance of $3,337.97. On January 29, 2007, Debtor obtained a $1,000 cash advance from Commerce under Debtor's open end credit plan. At all times relevant to the cash advance, Debtor fully intended to repay the debt and had the ability to repay, if she used her exempt retirement funds, which she intended to do. On February 2, 2007, Debtor made a payment to Commerce in the account of $110.

Debtor first sought legal advise related to her bankruptcy filing on February 8, 2007 and paid her bankruptcy attorney a retainer on March 12, 2007. Debtor filed for relief under Chapter 7 on March 21, 2007.

**Analysis and Conclusions of Law.**

**A. Summary Judgment Standards.**

Commerce, as the party objecting to discharge its claim under § 523(a)(2)(A), has the burden of proving the extension of $1,000 credit was obtained by false pretenses, false representations, or actual fraud.[3] Commerce is entitled to summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the [creditor] is entitled to judgment as a matter of law."[4] "[T]he party moving for summary

---

[3] *Grogan v. Garner*, 498 U.S. 279, 287 (1991); *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996).

[4] Fed. R. Civ. P. 56(c). Future references to the rules in the text shall be to the rule number only.

3

judgment has the burden to show that he is entitled to judgment under established principles; and if he does not discharge that burden then he is not entitled to judgment."[5]  The existence of a presumption alters the usual standard for summary judgment.  The beneficiary of a presumption is excused from "having to put forth evidence until the party against whom the presumption operates puts forth 'evidence to rebut or meet the presumption.'"[6]  When the moving party meets the initial burden, the nonmoving party may defeat the motion for summary judgment by presenting evidence from which a trier of fact might return a verdict in its favor.[7]  In determining this, all evidence and inferences are viewed in the light most favorable to the nonmoving party.[8]

In this case, although the material facts are not in dispute, Creditor has failed to provide sufficient facts and authorities to show that it is entitled to judgment as a matter of law.

**B. Objections to Discharge Under § 523(a)(2)(A) and the Presumption of § 523(a)(2)(C)(i)(II).**

Subsection 523(a)(2)(A), the basis for Commerce's dischargeability claim as to the $1,000 cash advance, provides as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
> * * *
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by  –

---

[5] *Adickes v. S.H. Kress & Co.*, 398 U.S. 141, 161 (1970), *quoting* J. Moore, Federal Practice ¶ 56.22[2], pp. 2824-2825 (2d ed. 1966).

[6] *Devan v. CIT Group/Commercial Serv., Inc. (In re Merry-Go-Round Enterp., Inc.)*, 229 B.R. 337, 341 (Bankr. D. Md. 1999).

[7] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

[8] *Id.*, 477 U.S. at 255.

4

> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

The Supreme Court in *Field v. Mans* construed § 523(a)(2)(A) to incorporate the general common law of torts as stated in the Restatement (Second) of Torts (1976).[9] The Tenth Circuit BAP, following the *Field v. Mans* analysis, when considering whether alleged misrepresentations were sufficient to deny discharge of credit card debt, relied on the Restatement § 525, addressing liability for fraudulent misrepresentation.[10] Under that authority, a misrepresentation is fraudulent if the maker has knowledge of the untrue character of his representation.[11] The frauds included within misrepresentations sufficient to deny discharge must "involve moral turpitude or intentional wrong; fraud implied in law, which may be established without imputation of bad faith or immorality, is insufficient."[12] Fraudulent intent need not be shown by direct evidence and may be inferred from the circumstances. "The bankruptcy court must consider whether the totality of the circumstances 'presents a picture of deceptive conduct by the debtor which indicates an intent to deceive the creditor.'"[13]

When applicable, § 523(a)(2)(C)(i)(II), on which Commerce relies, reduces the burden on the credit card issuer. It provides:

---

[9] *Field v. Mans*, 516 U.S. 59, 70-72 (1995).

[10] *Chevy Chase Bank FSB v. Kukuk (In re Kukuk)*, 225 B.R. 778, 783-84 (10th Cir. BAP 1998).

[11] Restatement (Second) of Torts § 526, cmt. a (1976).

[12] 4 *Collier on Bankruptcy* ¶ 523.08[1][d] (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. rev. 2007).

[13] *Groetken v. Davis (In re Davis)*, 246 B.R. 646, 652 (10th Cir. BAP 2000), *quoting* 3 William L. Norton, Jr., *Norton Bankruptcy Law and Practice 2d* 47:16, n. 62 (1999).

5

(C)(i) for purposes of subparagraph (A) -
* * *
(II) cash advances aggregating more than $750 that are
extensions of consumer credit under an open end credit plan
obtained by an individual debtor on or within 70 days before the
order for relief under this title are presumed to be
nondischargeable.

This subsection, and the § 523(a)(2)(C)(i)(I) presumption regarding purchases of luxury goods within 90 days before the order for relief, were initially enacted in 1984.[14]  A creditor objecting to discharge of a particular debt and relying upon one of the presumptions bears the burden of showing, by a preponderance of the evidence, that the nondischargeability presumption applies to its claim.[15]

The debtor may then rebut the presumption.  The debtor's burden is determined in light of the purpose of the presumption.  "Congress' motive for adding § 523(a)(2)(C) to the Bankruptcy Code in 1984 was to rectify a perceived practice by debtors of 'loading up,' or going on credit buying sprees in contemplation of bankruptcy."[16]  The subsections presume that the debtor purchased the items or obtained the cash advance without intending to repay the creditor.[17]  To rebut the presumption of fraudulent intent, the debtor therefore must directly attack the presumed fact and raise substantial doubt in the mind of the trier of fact as to the existence of the presumed intent.[18]  The presumption can be rebutted by evidence that the

---

[14] Pub. L. No. 98-353, §307.

[15] *GE Money Bank v. LaBovick (In re LaBovick)*, 355 B.R. 508, 515 (Bankr. W.D. Pa. 2006).

[16] *FCC Nat'l Bank v. Orecchio (In re Orecchio)*, 109 B.R. 285, 289 (Bankr. S.D. Ohio 1989), *citing* S. Rep. No. 98-65, 98th Cong. 1st Sess. 58 (1983).

[17] *J.C. Penny Co., Inc. v. Learid (In re Leaird)*, 106 B.R. 177, 179 (Bankr, W.D. Wis. 1989).

[18] *In re Orecchio*, 109 B.R. at 290.

6

"portion of such claim was not incurred in contemplation of . . . discharge in bankruptcy."[19]  One

commentator states, the presumption "can be overcome by evidence . . . that the debtor did not

contemplate filing a bankruptcy petition until after the transaction took place."[20]  The evidence

required to rebut the presumption need not rise to the same level of evidence needed for a

creditor to establish nondischargeability under § 523(a)(2)(A), as the presumption does not ever

shift to the debtor the ultimate burden to establish the absence of fraudulent intent.[21]  The burden

of persuasion remains on the creditor.[22]

    In this case, Commerce moves for summary judgment in reliance on the presumption of

nondischargeability.  The uncontroverted facts demonstrate the applicability of the presumption.

Debtor, an individual, obtained a $1,000 cash advance as an extension of consumer credit under

an open end credit plan less than 70 days before she filed for relief under Chapter 7.  Commerce

is therefore entitled to an order of nondischargeability of the $1,000 cash advance portion of its

claim unless there is a basis for the trier of fact to find that presumption is rebutted.

    The uncontroverted facts are sufficient to rebut the presumption.  They establish that at

the time Debtor took the cash advance she intended to repay Commerce and had ability to repay

the cash advance, assuming she used her exempt IRA funds to pay Commerce, which she

intended to do.  In addition, Debtor made payment to Commerce after the advance and did not

consult with bankruptcy counsel until after she obtained the advance.  These facts are sufficient

---

[19] *In re LaBovick,* 355 B.R. at 515.

[20] 4 *Collier on Bankruptcy* ¶ 523.08[5]

[21] *In re LaBovick*, 355 B.R. at 515.

[22] *Id.*

7

for the Court to conclude that the presumption is rebutted; for purposes of § 523(a)(2)(C)(i)(II) Debtor did not take the advance in contemplation that the debt would be discharged in bankruptcy.

The Court rejects Commerce's argument that the uncontroverted facts are insufficient to rebut the presumption. Commerce would narrowly construe the evidence relevant to rebuttal to exclude evidence of intent to repay and include only whether the advance was taken in anticipation of bankruptcy discharge, apparently in a temporal sense. First, the Court finds that evidence of intent is relevant. The essence of nondischargeability is fraudulent intent. The statutory presumption is that the debtor obtained the advance with intent not to repay because of the availability of discharge. Debtors' intent to repay is inconsistent with the presumption that the cash was taken in anticipation of discharge of the resulting debt. Likewise, making a payment of $110 four days after the advance is inconsistent with taking the advance in contemplation of discharge. Why would Debtor have paid even a part of a debt if she had thought she would soon file for relief and be discharged from the obligation? Second, the Court agrees with Commerce that the relationship between the date of the advance and date of consultation with bankruptcy is a relevant consideration. But in this case, those dates tend to rebut rather than support the presumption, as argued by Commerce. The advance was before consultation with counsel. There is no evidence Debtor was contemplating bankruptcy when she obtained the advance or that she obtained the advance for the purpose of paying bankruptcy counsel.

Because Debtor has rebutted the presumption, Commerce must satisfy the elements of a claim under § 523(a)(2)(A) to establish nondischargeability. Establishing an exception to

discharge based upon misrepresentation is often stated to require the following elements: (1) The debtor made a representation; (2) at the time of the representation, the debtor knew it to be false; (3) the debtor made the representation with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on the representation; and (5) the creditor sustained the alleged loss and damage as a proximate result of the representation having been made.[23] The Creditor has the burden of proof on all elements by a preponderance of the evidence.[24] Courts generally construe the exceptions to discharge liberally in favor of the debtor; the reasons to deny discharge must be substantial.[25] This construction assures the fresh start of the honest but unfortunate debtor.[26]

Commerce presents no evidence to support elements two through four. Only the first element is clearly established. The uncontroverted facts establish the Debtor made two representations when the cash advance was received: Debtor represented that she intended to pay the resulting debt; and Debtor also represented her present ability to pay the resulting debt. However, there is no evidence that either of these representations were known by the Debtor to be false at the time they were made, that she made the representations with the intent to deceive Commerce, or that Commerce justifiably relied upon the representations.

---

[23] *E.g., Fowler Bros. v. Young (In re Young)*, 91 F.3d at 1373 (stating five elements but requiring that creditor's reliance be reasonable); *Field v. Mans*, 516 U.S. at 74 (holding that creditor reliance must be justifiable).

[24] *Grogan v. Garner*, 498 U.S. at 287.

[25] *Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir. 1994).

[26] *Id.*

9

For the foregoing reasons, Commerce's motion for summary judgement on the alleged nondischargeability of the $1,000 cash advance is denied. Although the circumstances of the presumption of nondischargeability are present, Debtor has rebutted the presumption. Because the presumption of nondischargeability has been rebutted, in order to prevail Commerce must sustain its burden of proof on all elements of a § 523(a)(2) claim. It has failed to do so, and the motion for summary judgment is denied.

**IT IS SO ORDERED.**

###